896 F.2d 1383
 283 U.S.App.D.C. 85
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Phillip M. SINGLETARY, Appellant.
 No. 89-3049.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1990.
 
 Before SENTELLE, Circuit Judge, SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge, and WILLIAM H. TIMBERS,* Senior Circuit Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this cause is hereby affirmed for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 This is one more in the continuing stream of attacks on interdiction searches at public transportation terminals conducted by narcotics officers searching effects of passengers arriving from New York and other "source" cities. See, e.g., United States v. Maragh, --- F.2d ---- (D.C.Cir. No. 88-3163, Jan. 9, 1990); United States v. Winston, --- F.2d ---- (D.C.Cir. No. 89-3087, Dec. 22, 1989); and United States v. Joseph, --- F.2d ---- (D.C.Cir. No. 88-3140, Dec. 29, 1989). In the present appeal, Singletary alleges that the District Court erred in finding his consent for the search of his tote bag, which yielded a quantity of crack cocaine, to have been voluntarily given.
 
 
 5
 The United States argues that the issue is not properly before us as appellant did not preserve it in his suppression motion at the District Court, the motion having been based solely on the theory that the interdiction officer's contact with defendant amounted to an unconstitutional seizure. Thus, Singletary has waived the consent issue and cannot raise it for the first time on appeal. Fed.R.Crim.P.Rule 12(b)(3), (c), and (f). It appears that the United States is correct in this position and that the issue is not properly before us, except insofar as we may examine the record for "plain error." Cf. United States v. Mangieri, 694 F.2d 1270, 1282-83 (D.C.Cir.1982).
 
 
 6
 In the present case, not only do we find no plain error but no error at all. Every objection raised by the defendant is encompassed within recent decisions of this Court upholding consent searches as voluntary on facts paralleling those in the instant case. See, e.g., United States v. Joseph, --- F.2d at ---, slip op. at 5; United States v. Brady, 842 F.2d 1313, 1315 (D.C.Cir.1988). Singletary's argument here offers no reason of substance to cause us to determine the District Court's finding of voluntariness to be any more clearly erroneous than was before us in Brady, Joseph, and numerous other cases. We therefore will not disturb that finding or reverse Singletary's conviction.
 
 
 
 *
 Of the United States Court of Appeals for the Second Circuit, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)